UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONIE KENNERDY,

      Plaintiff,

v.                                                    Case No: 8:24-cv-2176-KKM-SPF

TMF PLASTIC SOLUTIONS, LLC,

      Defendant.

_____

### ORDER

      Defendant TMF Plastic Solutions, LLC, moves to dismiss the last two counts of plaintiff Tonie Kennerdy's thirteen-count amended complaint. Because Kennerdy states a claim for tortious interference with a business relationship but fails to state a claim for defamation, the motion is granted in part and denied in part.

### I.    BACKGROUND

      TMF terminated Kennerdy on April 4, 2023. Am. Compl. (Doc. 15) ¶ 34. Kennerdy now sues his former employer for race discrimination, sexual harassment, defamation, and tortious interference with a business relationship. *See generally* Compl. (Doc. 1); Am. Compl. TMF moves to dismiss only the last two counts of Kennerdy's complaint, which plead defamation and tortious interference with a business relationship under Florida law.

Mot. to Dismiss (MTD) (Doc. 20); *see* Am. Compl. ¶¶ 109–20 (Count Twelve); *id.* ¶¶ 121–27 (Count Thirteen).

The factual predicate for both those counts is the same. Kennerdy alleges that he began work with TMF in December 2022 as a temporary employee through a staffing agency, Elite Staffing. *Id.* ¶¶ 14, 35. After TMF terminated Kennerdy, Brittany Junkerfield—Kennerdy's former supervisor and one of his claimed harassers—called Elite Staffing and lied[1] about his termination, falsely claiming that TMF fired him because he made sexist comments about his supervisors. *Id.* ¶¶ 18, 35. Kennerdy says that "Elite Staffing stopped assigning [him] to comparable positions in terms of pay, hours, and location" because of Junkerfield's false statement. *Id.* ¶ 36.

TMF contends that neither count states a claim for relief. *See generally* MTD; Fed. R. Civ. P. 12(b)(6).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned,

---

[1] TMF disputes Kennerdy's claim that it "knew or should have known the 'defamatory statements were false' " because TMF says that it told him "that it had recorded video of him making derogatory statements about his female supervisors." MTD at 4 n.2. Yet the rule for a motion to dismiss is that a plaintiff's allegations must be taken as true. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). I therefore give no weight to TMF's efforts to cast doubt on Kennerdy's allegations.

the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss" for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering the motion, courts accept the complaint's factual allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004), *abrogated on other grounds by Twombly*, 550 U.S. 544.

## III.  ANALYSIS

Because Kennerdy fails to allege that Junkerfield made the defamatory statements to Elite Staffing in the scope of her employment for TMF, Count 12 is dismissed without

prejudice. I deny TMF's motion to dismiss as to Count 13 because Kennerdy has alleged

improper methods sufficient to negate any claim of privilege TMF may have.

### A. Kennerdy Fails to State a Claim for Defamation

To plead a claim for defamation against an ordinary person or entity under Florida

law, a plaintiff must allege "(1) publication; (2) falsity;" (3) that the defendant acted with at

least negligence; "(4) actual damages;[2] and" (5) that the statement is defamatory. *Jews For

Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008); *accord Kieffer v. Atheists of Fla., Inc.*,

269 So. 3d 656, 659 (Fla. 5th DCA 2019). Decisions in this district have also required a

defamation plaintiff to plead "the identity of the speaker, a description of the statement,

and provide a time frame within which the publication occurred" to state a claim. *See, e.g.*,

*Jacoby v. Cable News Network, Inc.*, 537 F. Supp. 3d 1303, 1309 (M.D. Fla. 2021) (quoting

*Five for Ent. S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1328 (S.D. Fla. 2012)), *aff'd*, No. 21-

12030, 2021 WL 5858569 (11th Cir. Dec. 10, 2021).[3]

---

[2] Damages are presumed if the alleged statements are actionable per se. *See, e.g.*, *Campbell v. Jacksonville Kennel Club*, 66 So. 2d 495, 497 (Fla. 1953); *accord Hoch v. Rissman, Weisberg, Barrett*, 742 So. 2d 451, 457 (Fla. 5th DCA 1999). While Kennerdy's Amended Complaint does not formally style his defamation action as per se, both parties treat it as a per se claim. *See* MTD at 4 n.1; Resp. (Doc. 22) at 3–4.

[3] Traced back, those decisions ultimately rely almost exclusively on the decision in *Fowler v. Taco Viva, Inc.*, 646 F. Supp. 152 (S.D. Fla. 1986). *Fowler* in turn cites to *Hawke v. Broward National Bank of Fort Lauderdale*, which held that the plaintiffs had failed to state a claim for defamation because they failed to allege "the disputed words used[,] . . . that the publication or utterances were false[,] and . . . sufficient circumstances to show malice in order to negate the presence of a qualified privilege." 220 So. 2d 678, 679–80 (Fla. 4th DCA 1969) (per curiam). It is thus not clear that *Fowler* was correct to categorically conclude that a plaintiff must always allege the speaker's identity, the statement's content, and the publication's timeframe to state a claim for defamation as a matter of Florida law, though these sorts of details will often

TMF contends that Kennerdy failed to allege when the defamatory statements were published, to whom they were published, and whether they were made during the speaker's performance of her job duties. MTD at 5–6. Kennerdy adequately pleads when the statements were published and to whom they were published. He alleges that "[w]ithin days of [his] termination [April 4, 2023], Junkerfield falsely told [TMF]'s contact with Elite Staffing . . . that [he] was terminated for making sexist comments about his supervisors." Am. Compl. ¶¶ 34–35. This allegation adequately informs TMF of the time frame for the statement, and TMF cites no authority suggesting that the allegation must be more specific "within days" of a date certain. It also tells TMF that the statements were made to its "contact with Elite Staffing," though Kennerdy does not plead this individual's name. *Id.* ¶ 35. *Bell v. Novartis Pharmaceuticals Corp.*, which TMF cites for the proposition that a defamation plaintiff must plead with specificity the identity of the person to whom the defamatory statement was published, concluded only that plaintiff Bell's failure to plead the hearer's identity was one of several inadequacies supporting the conclusion that Bell had failed to state a claim for defamation. No. 808-CV-00030-EAK-EAJ, 2008 WL 2694893, at *4 (M.D. Fla. July 3, 2008). TMF points to no authority

---

be necessary for a claim to be "plausible" enough to survive a motion to dismiss under the Federal Rules of Civil Procedure. *Iqbal*, 556 U.S. at 678.

establishing that failure to plead the hearer's name, by itself, means a plaintiff fails to state a claim for defamation.

Yet TMF is correct that Kennerdy fails to adequately allege that Junkerfield made the defamatory statement in the course of her employment with TMF. A corporation is liable for the defamatory statements of an employee only if (1) the employee was acting within the scope of his employment when he made the defamatory statement, and (2) the defamatory statement was published "in the actual performance of [the employee's] duties touching the matter in question." *Baker v. Atl. Coast Line R. Co.*, 192 So. 606, 185–86 (Fla. 1939); *see also Schreidell v. Shoter*, 500 So. 2d 228, 232 (Fla. 3d DCA 1986); *Mawk v. Kaplan Univ.*, No. 613CV1469ORL22KRS, 2015 WL 12819185, at *9 (M.D. Fla. Feb. 17, 2015).

Kennerdy alleges no facts tending to show that Junkerfield made the defamatory statements to Elite Staffing within the scope of her employment or in performance of her duties at TMF. *See generally* Am. Compl. While he says in his Response that "Junkerfield made the comments in her capacity as [his] supervisor providing feedback to the staffing agency about their candidate's performance," Resp. (Doc. 22) at 4, this allegation is not in his Amended Complaint, *see Dorman v. Aronofsky*, 36 F.4th 1306, 1317 (11th Cir. 2022) ("Facts contained in a motion or brief cannot substitute for missing allegations in the complaint." (quoting *EEOC v. Catastrophe Mgmt. Sols.*, 852 F.3d 1018, 1030 n.5 (11th

Cir. 2016)) (cleaned up)). Absent allegations tending to show that Junkerfield acted within the scope of her employment, Kennerdy fails to state a claim for defamation against TMF. *See, e.g., Akzo Nobel Coatings, Inc. v. Auto Paint & Supply of Lakeland, Inc.*, No. 8:09-CV-2453-T-30TBM, 2010 WL 2821950, at *4 (M.D. Fla. July 16, 2010) (dismissing defamation count without prejudice for, among other things, failure to "allege facts that would show that the speaker made the statement within the scope of his or her employment").

Accordingly, I dismiss without prejudice Count 12 of Kennerdy's Amended Complaint.

### B.  Kennerdy States a Claim for Tortious Interference

To state a claim for tortious interference with a business relationship, a plaintiff must allege "(1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." *Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126, 1127 (Fla. 1985) (per curiam). TMF contends that Kennerdy fails to state a claim because (1) he fails to allege a contract "between himself and Elite Staffing," and (2) TMF is not a stranger to Kennerdy and Elite Staffing's business relationship and thus is privileged to interfere in the relationship. MTD at 6–9.

To start, TMF is wrong that Kennerdy needed to allege the existence of a contract. While Count 13 is styled as for "Tortious Interference with Contractual Relationship," the substance of his allegations is that TMF tortiously interfered with his business relationship with Elite Staffing. Am. Compl. ¶¶ 122–24 ("Defendant intentionally and unjustifiably interfered with Plaintiff's relationship with Elite Staffing."); *see Conway v. Taylor*, No. 605CV1714ORL22KRS, 2006 WL 8439375, at *2 (M.D. Fla. Oct. 31, 2006) (construing a count based on the substance of the allegations rather than the heading). And a claim of tortious interference with a business relationship does not require an enforceable contract. *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994); *accord Ozyesilpinar v. Reach PLC*, 365 So. 3d 453, 460 (Fla. 3d DCA 2023).

TMF's argument that it is privileged to interfere in Kennerdy's relationship with Elite Staffing also fails to justify dismissal. While Florida law recognizes an insider's or competitor's privilege to interfere in a business relationship, that privilege is qualified—it requires that the defendant act without impropriety, including " 'a purely malicious motive' divorced from any 'legitimate competitive economic interest.' " *Duty Free Americas, Inc. v. Estee Lauder Companies, Inc.*, 797 F.3d 1248, 1280 (11th Cir. 2015) (quoting *Heavener, Ogier Servs., Inc. v. R. W. Fla. Region, Inc.*, 418 So. 2d 1074, 1077 (Fla. 5th DCA 1982)); *see also KMS Rest. Corp. v. Wendy's Int'l, Inc.*, 361 F.3d 1321, 1327 (11th Cir. 2004) ("Florida decisions also support KMS' contention that even where the defendant's motive

is not purely malicious, a tortious interference claim may succeed if improper methods were used."). Here, Kennerdy alleges that Junkerfield knowingly made false statements to Elite Staffing about Kennerdy's conduct after TMF terminated him. Am. Compl. ¶¶ 35, 124. Drawing all reasonable inferences in Kennerdy's favor, this is enough to raise an inference that Junkerfield acted with malice such that any interference would be improper and the qualified privilege would not apply. *See de Cortes v. Brickell Inv. Realty, LLC*, 546 F. Supp. 3d 1332, 1345 (S.D. Fla. 2021) (refusing to dismiss a tortious interference count on similar grounds).

Because I conclude that Kennerdy has adequately alleged improper methods of interference, I need not decide whether TMF might otherwise be privileged to interfere. *See* MTD at 8 (arguing that TMF is privileged to interfere because it had an economic interest in Kennerdy's relationship with Elite Staffing).

\* \* \*

## IV.  CONCLUSION

Accordingly, the following is **ORDERED:**

1.    Defendant TMF Plastic Solutions, LLC's Motion to Dismiss (Doc. 20) is

       **GRANTED IN PART** and **DENIED IN PART.**

2.    Count 12 of plaintiff Tonie Kennerdy's Amended Complaint (Doc. 15) is

       **DISMISSED WITHOUT PREJUDICE.**

**ORDERED** in Tampa, Florida, on January 27, 2025.


Kathryn Kimball Mizelle
United States District Judge

10